AO 243    (Rev. 2/95)



## MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District    Guam | |
|---|---|---|
| Name of Movant <br> Shawn L.H. Kuhns | Prisoner No. <br> 01128-093 | Case No. <br> CR 95-00082 |
| Place of Confinement <br> Federal Detention Center, Honolulu Hawaii |  | 04-00048 |

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA | V. | Shawn L.H. Kuhns <br> (name under which convicted) |

## MOTION

1. Name and location of court which entered the judgment of conviction under attack
   District Court of Guam, Hagatna, Guam

   > **FILED**
   > DISTRICT COURT OF GUAM
   > **NOV 1 8 2004**
   > MARY L. M. MORAN
   > CLERK OF COURT

2. Date of judgment of conviction    11/9/1995

3. Length of sentence    84 months incarceration and 5 years Supervised Release

4. Nature of offense involved (all counts)
   Importation of Methamphetamine

5. What was your plea? (Check one)
   (a) Not guilty        ☐
   (b) Guilty            ☑
   (c) Nolo contendere   ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury         ☐
   (b) Judge only   ☐

7. Did you testify at the trial?
   Yes ☐    No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐    No ☑

COPY

9.  If you did appeal, answer the following:

    (a)  Name of court

    (b)  Result

    (c)  Date of result

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes   ☐      No  ☐

11. If your answer to 10 was "yes," give the following information:

    (a)  (1)  Name of court

         (2)  Nature of proceeding

         (3)  Grounds raised

         (4)  Did you receive an evidentiary hearing on your petition, application or motion?
              Yes      ☐      No  ☐

         (5)  Result

         (6)  Date of result

    (b)  As to any second petition, application or motion give the same information:

         (1)  Name of court

         (2)  Name of proceeding

         (3)  Grounds raised

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
       Yes  ☐    No ☐

    (5) Result

    (6) Date of result

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

    (1) First petition, etc.        Yes ☐     No ☐
    (2) Second petition, etc.    Yes ☐     No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    <u>CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.</u>

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

    (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
    (b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one:

Defendant is convicted of an offense which is non-existent.

Supporting FACTS (state *briefly* without citing cases or law):

See subparagraph 5C of the plea agreement filed in this proceeding on May 4, 1995. A true copy of page 5 of the plea agreement is attached hereto. (See Exhibit A.)

B. Ground two:

Supporting FACTS (state *briefly* without citing cases or law):

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

(5)

D.  Ground four:

Supporting FACTS (state *briefly* without citing cases or law):

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:
See attached page.

14.  Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes    ☐        No   ☑

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a)  At preliminary hearing

(b)  At arraignment and plea
Sandra Lynch, Esq. (current address unknown)

(c)  At trial

(d)  At sentencing
(See above)

(e) On appeal

(f) In any post-conviction proceeding

(g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
   Yes   ☐     No   ☑

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
   Yes   ☐     No   ☑

   (a) If so, give name and location of court which imposed sentence to be served in the future:

   (b) Give date and length of the above sentence:

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☐    No   ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
John T. Gorman
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____
     Date

_____
Shawn L.H. Kuhns
Signature of Movant

(7)

others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

c. On April 19, 1995 defendant and his friend Daniel Cambra arrived on Guam from Honolulu. Defendant and Cambra brought several fighting cocks to Guam, and had secreted 222.2 grams net weight of methamphetamine in a secret compartment in the cage. By prior arrangement, they were to delivery this methamphetamine to Pedro Aguero, who would distribute it on Guam and pay them for it.

6. The defendant understands that this plea agreement depends on the fullness and truthfulness of his cooperation. Therefore, defendant understands and agrees that if he should fail to fulfill completely each and every one of his obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of his plea agreement and before sentencing, the government will be free from its obligations under the plea agreement; thus defendant, in addition to standing guilty of the matters to which he has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against him, without limitation, any and all information, in

EXHIBIT A

ATTACHED PAGE

13.     The grounds listed in 12A were not previously presented. This is because at the time of the entry of the judgment, and for more than 10 days thereafter, that is to say, until January 16, 2004, the grounds listed in 12A were foreclosed by circuit law. It was the settled law of this circuit that all the government needed to show for a finding of importation was that the controlled substance entered in the United States from international waters or airspace. (United States v. Cabaccang, 332 F.3d 622, 634 (9th Cir. 2003)(en banc), clarified, 341 F.3d 905 (9th Cir. 2003)). On January 16, 2004, (Cabaccang, 332 F.3d at 622 ("Filed June 6, 2003")), the court of appeals for this circuit filed its mandate and changed the law by overruling the foregoing law of this circuit and holding that the transport of a controlled substance through international airspace on a flight from one United States location to another United States location does not constitute the offense of importing a controlled substance into the United States from a place outside thereof. (Cabaccang, 332 F.3d at 635 ("we hold that the transport of drugs through international airspace on a nonstop flight from one United States location to another does not constitute importation within the meaning of [21 U.S.C.] § 952(a)").)

———————————————————

This petition is filed at the Petitioner's request. However, Petitioner's signature is not on this motion. That is because Petitioner is in custody at the Federal Detention Center, Honolulu, Hawaii. This unsigned petition is being filed with the Court as time is of the essence due to Petitioner's incarceration. Counsel is coordinating with the Office of the Federal Public Defender's Office in Hawaii to obtain Petitioner's signature. Counsel anticipates a signed petition will be filed with this court within the next seven working days.

# United States District Court

## District of Guam

UNITED STATES OF AMERICA
v.

**SHAWN L.H. KUHNS**

### JUDGMENT IN A CRIMINAL CASE

(For Offenses Committed On or After November 1, 1987)

Case Number: **1:95CR00082-002**

SANDRA LYNCH, COURT APPOINTED E D

Defendant's Attorney



DISTRICT COURT OF GUAM
AGANA, GUAM

NOV 14 1995

MARY L. M. MORAN
Clerk Of Court

## THE DEFENDANT:

☒ pleaded guilty to count(s)  1

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. ' 952 | IMPORTATION OF 222.2 GRAMS NET WEIGHT OF D-METHAMPHETAMINE | 04/19/1995 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: **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**

Defendant's Date of Birth: **05/05/1973**

Defendant's USM No.: **01128-093**

Defendant's Residence Address:

**527 KAWAILOA ROAD**

| | | |
|---|---|---|
| **KAILUA** | **HI** | **96734** |

Defendant's Mailing Address:

**527 KAWAILOA ROAD**

| | | |
|---|---|---|
| **KAILUA** | **HI** | **96734** |

**11/09/1995**

Date of Imposition of Judgment

Signature of Judicial Officer

**JOHN S. UNPINGCO**

**DISTRICT COURT JUDGE**

Name & Title of Judicial Officer

November 14, 1995

Date

DEFENDANT: SHAWN L.H. KUHNS
CASE NUMBER: 1:95CR00082-002

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __84 month(s)__ .

☒ The court makes the following recommendations to the Bureau of Prisons:

**DEFENDANT IS TO ENROLL IN A DRUG TREATMENT PROGRAM WHI LE INCARCERATED.**

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ a.m./p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

DEFENDANT: **SHAWN L.H. KUHNS**

CASE NUMBER: **1:95CR00082-002**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ___5___ year(s) .

**DEFENDANT SHALL PARTICIPATE IN A PROGRAM APPROVED BY THE U.S. PROBATION OFFICE FOR SUBSTANCE ABUSE. THE PROGRAM MAY INCLUDE BUT NOT BE LIMITED TO RANDOM URINALYSIS SO AS TO DETERMINE IF THE DEFENDANT IS USING ILLEGAL DRUGS.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **SHAWN L.H. KUHNS**

CASE NUMBER: **1:95CR00082-002**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $     50.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . .     $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ The interest requirement is waived.

    ☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|  |  |  |  |

Totals: $ _____ $ _____

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A and 113A of Title 18 for offenses

DEFENDANT: **SHAWN L.H. KUHNS**

CASE NUMBER: **1:95CR00082-002**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☒ in full immediately; or

B ☐ $ _____ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than _____ ; or

D ☐ in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in _____ *(e.g. equal, weekly, monthly, quarterly)* installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC 20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States attorney.

DEFENDANT: **SHAWN L.H. KUHNS**
CASE NUMBER: **1:95CR00082-002**

# STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

## OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: __28__

Criminal History Category: __I__

Imprisonment Range: __78__ to __97__ months

Supervised Release Range: __0__ to __5__ years

Fine Range: $ __12,500.00__ to $ __125,000.00__

    ☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

☒ The sentence departs from the guideline range:

    ☒ upon motion of the government, as a result of defendant's substantial assistance.

    ☐ for the following specific reason(s):